UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRELL SYKES, | Civil Action No.: 20-10764 |
| | Honorable Laurie J. Michelson |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 12, 14)

Plaintiff Terrell Sykes appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). The Court **RECOMMENDS** that:

- Sykes' motion, ECF No. 12, be **DENIED**;
- the Commissioner's motion, ECF No. 14, be **GRANTED**; and
- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

A. **Sykes' Background and Disability Applications**

Born in February 1967, Sykes was 50 years old on his alleged onset date of March 30, 2017. ECF No. 10, PageID.84, 98, 214, 221. He had no past relevant work. *Id.*, PageID.58. Sykes claimed to be disabled from sleep apnea; gout; migraines; hypertension; type 2 diabetes; arthritis in the hands, knees, and feet; arthritis and scoliosis in the back; depression; anxiety; and a learning disability. ECF No. 10, PageID.86, 99.

After the Commissioner denied his applications initially, Sykes requested a hearing, which took place in September 2018 and during which he and a vocational expert (VE) testified. ECF No. 10, PageID.65-82. In a December 2018 written decision, the administrative law judge (ALJ) found Sykes not disabled. *Id.*, PageID.45-60. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Sykes timely filed for judicial review. *Id.*, PageID.34-36; ECF No. 1.

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[1] *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id*. If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id*. At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id*. The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Sykes was not disabled. At the first step, the ALJ found that he had not engaged in substantial gainful activity since his alleged onset date. ECF No. 10, PageID.50.² At the second step, the ALJ found that Sykes had the severe impairments of "degenerative disc disease, degenerative joint disease of the right shoulder, gout, diabetes mellitus, and peripheral neuropathy." *Id.*, PageID.51. The ALJ also found that Sykes' "medically determinable mental impairments cause[d] no more than 'mild' limitations," and were thus "nonsevere." *Id.*, PageID.51-53. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.53-54.

Between the third and fourth steps, the ALJ found that Sykes had the RFC to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that "[he] can occasionally climb ramps or stairs. [He] can frequently balance. [He] must avoid concentrated exposure to vibration and all exposure to hazards." ECF No. 10, PageID.54. At step

---

² The ALJ considered income Sykes earned in 2017 and 2018 but determined that the "amounts [did] not rise to the level of substantial gainful activity as outlined" by the regulations. ECF No. 10, PageID.50-51.

4

four, the ALJ found that Sykes had no past relevant work. *Id.*, PageID.58. At the final step, after considering Sykes' age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Sykes could perform, including as a housekeeper, a merchandise marker, and a router. *Id.*, PageID.59. The ALJ thus concluded Sykes was not disabled. *Id.*, PageID.60.

## II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Sykes argues that the ALJ's assessed RFC is not supported by substantial evidence because the ALJ did not adequately account for all his

5

limitations and failed to properly articulate his reasons for giving partial weight to the medical source statement from Osman M. Mohamed-Saeed, M.D. ECF No. 12. The Court finds that the ALJ's decision is supported by substantial evidence and recommends that it be affirmed.

## A.

Sykes first argues that the ALJ's assessed RFC did not adequately account for his limited range of motion in the cervical spine and limitations in reaching, handling, and fingering. ECF No. 12, PageID.971-975. Sykes points out that the ALJ found his cervical spine impairment severe and that the record evidenced that he suffered a restricted range of motion. *Id.*, PageID.972-974. But, Sykes contends, the ALJ disregarded his cervical spine limitations when assessing his RFC. *Id.*. Sykes does not support his argument with citations to the record; he argues that the evidence was "outline[d] in the medical evidence above." *Id.*, PageID.973.

Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]'" *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). It is not the Court's responsibility to search the record to discover evidence for Sykes. "Judges are not like pigs, hunting for

6

truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (citation and internal quotations omitted). Sykes has thus waived his argument that the ALJ disregarded his cervical spine limitations in the assessed RFC.

That argument also lacks merit. Contrary to Sykes' argument, "[t]he ALJ did not err in finding that a severe impairment can exist without also finding that a significant limitation and disability exist." *Corley v. Comm'r of Soc. Sec.*, 194 F.3d 1311 (6th Cir. 1999) (Table). In other words, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ is tasked with determining what a claimant can do despite his severe impairments. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009).

The record here provides substantial evidence to support the ALJ's decision to not impose more limitations because of Sykes' cervical spine impairment. In early May 2017, Sykes' neck had a "[n]ormal range of motion" and was "supple," and he sat upright "in no acute distress." ECF No. 10, PageID.647. Later that month, when Sykes sought emergency

care for an allergic reaction after clearing out a shed "filled with trash," his neck was again "[s]upple with full ROM" and he "exhibited no edema." *Id.*, PageID.691-694.  And in December 2017, Sykes denied having "neck stiffness or other concerns," and his neck had normal range of motion. *Id.*, PageID.735-736.

In March 2018, Sykes' neck had a "normal range of motion, full passive range of motion without pain and phonation normal.  Neck supple." ECF No. 10, PageID.782.  Sykes' musculoskeletal range of motion, strength, motor, and gross sensation were all reported as "normal." *Id.*, PageID.782-783.  A CT scan showed no acute spine fracture, maintained vertebral body height and alignment, prevertebral soft tissue appeared within normal limits, and his cervical alignment was "satisfactory." *Id.*, PageID.786, 804-805.  In January 2018, Dr. Mohamed-Saeed, Sykes treating physician, cleared Sykes to "go back to work" and reported that Sykes felt "OK." *Id.*, PageID.865.  Dr. Mohamed-Saeed signed an application for Sykes to receive a disability parking placard in July 2018, but only for a temporary, six-month period. *Id.*, PageID.957.

Many records described Sykes as ambulating without needing assistance and having an intact gait: "Ambulatory without assistance, able to sit in chair"; "Patient was able to ambulate into the emergency

department"; "Pt up ambulating to restroom with steady gait, no distress"; "[W]ell developed and in no acute distress, does not appear uncomfortable"; "Patient does not require the use of an assistive device. Patient is able to ambulate independently"; and "Gait/Station: gait intact." ECF No. 10, PageID.668, 691, 694, 708, 755, 849, 862, 865.

"The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013). "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Here, substantial evidence supports the ALJ's findings that Sykes did not need more limitations for his cervical spine impairment, so Sykes' claim of error should be rejected.

**B.**

Sykes next argues that the "ALJ failed to properly articulate the reasons behind assigning 'partial weight' to the medical source statement of Dr. Mohamed-Saeed" under 20 C.F.R. § 404.1520c. ECF No. 12,

9

PageID.975-979 (citing ECF No. 10, PageID.841-.844).  Sykes asserts that the "ALJ's cursory explanation" for the weight given leaves him and "this Court guessing."  *Id.*, PageID.978.  The Court disagrees.

For applicants who filed after March 27, 2017, their treating physicians' opinions are not accorded controlling weight.  See 20 C.F.R. § 404.1520c.  Under § 404.1520c, an ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," even those of a treating source.  §404.1520c(a).  Instead, the ALJ must articulate how persuasive the medical opinion is under these factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion.  §404.1520c(b), (c).  An ALJ need not separately articulate the weight given to each individual opinion from one medical source.  *See Lapka v. Comm'r of Soc. Sec.*, No. 20-10035, 2021 WL 942752, at *15 (E.D. Mich. Jan. 4, 2021), *adopted*, No. 2:20-CV-10035, 2021 WL 733234 (E.D. Mich. Feb. 25, 2021) (citing 20 C.F.R. § 404.1520c(b)(1)).

The ALJ here applied the current regulations when giving partial weight to the opinion of Dr. Mohamed-Saeed.  ECF No. 10, PageID.57.  The ALJ found that Dr. Mohamed-Saeed's opinion about Sykes' "physical

10

ability to perform basic work activities" was "not entirely consistent with the medical evidence of record" and that the doctor "did not identify specific diagnoses that caused the reported limitations but rather just a list of symptoms." *Id.*  The ALJ also pointed to Sykes' own statements and objective medical evidence that undermined Dr. Mohamed-Saeed's opinion. *Id.*

The ALJ adequately discussed his reasons for the weight given to Dr. Mohamed-Saeed's opinion in accord with § 404.1520c.  "The ALJ acknowledged the opinion and indicated how persuasive []he found it, giving it only '[partial] weight.'  That was sufficient." *Bundy v. Comm'r of Soc. Sec.*, No. 20-10254, 2021 WL 1220867, at *4 (E.D. Mich. Mar. 31, 2021).  And under the current regulations, the relevant articulation question is whether "the ALJ described the evidence and articulated the bases of [his] decision in sufficient detail to allow the Court to discharge its limited review function of determining whether the decision is 'supported by substantial evidence.'" *Id.* (citing § 405(g)).  The Court finds that the ALJ here sufficiently described the bases for his decision, and that the decision should be affirmed.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the

Commissioner's motion, ECF No. 14, be **GRANTED**; that Sykes' motion, ECF No. 12, be **DENIED**; and that the ALJ's decision be **AFFIRMED**.

Dated: July 19, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, any non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same

order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2021.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager