UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRELL SYKES,  Plaintiff,  v.  ANDREW SAUL, in his capacity as Commissioner of Social Security  Defendant. | Case No. 20-10764  Honorable Laurie J. Michelson  Magistrate Judge Elizabeth A. Stafford |

**ORDER ADOPTING REPORT AND RECOMMENDATION [15]
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [12, 14]**

Plaintiff Terrell Sykes filed this action to appeal a final decision of the Defendant Commissioner of Social Security to deny his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. (ECF No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 12, 14.) Before the Court is Magistrate Judge Stafford's Report and Recommendation to deny Sykes' motion, grant the Commissioner's motion, and affirm the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

At the conclusion of the July 19, 2021 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 45,

PageID.165.) Due to the extraordinary circumstances caused by the COVID-19 pandemic, the Court allowed an additional week for time to object. It has now been over 21 days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and ADOPTS the recommended disposition. (ECF No. 15.) Accordingly, Sykes' motion for summary judgment (ECF No. 12) is DENIED. The Commissioner's motion for summary judgment (ECF No. 14) is GRANTED. The


Court AFFIRMS the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: August 16, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE